RESSLER (WISE v.). See Case No. 17,912.

RESTLESS, The. See Case No. 2,775.

RETTEW (BARNES v.). See Case No. 1,019.

REUHLE, In re. See Case No. 12,113.

## Case No. 11,710.

REUTGEN v. KANOWRS et al.

[1 Wash. C. C. 168; [1] 1 Robb, Pat. Cas. 1.]

Circuit Court, D. Pennsylvania. Oct., 1804.

PATENTS—FIRST INVENTOR—IMPROVEMENTS—QUESTIONS FOR JURY—FRAUD IN PROCURING PATENT—DAMAGES.

1. Whether the plaintiff was the first inventor of the machine, for which he had obtained a patent, is a question for the decision of the jury; but they must be satisfied, that he is so in reference to all the world. Aliter, in England, the statute of Jac. I. speaking only of new manufactures, within the realm.

[Cited in Whitney v. Emmett, Case No. 17,585.]

2. Whether the improvement made by the defendant, in the machine invented by the plaintiff, is in principle, or in form, and proportion; is a question for the decision of the jury. If the improvement is in the principle, the inventor of the improvement, has as much right to use the original invention, as the inventor has to use the improvement. An improvement in form, or proportions, gives no right.

3. Whether the specification has disclosed the whole truth, relative to the invention or discovery? Whether there has been a concealment, with a view to deceive? Is the concealment material? Could an artist, after the patent right has expired, construct such a machine, by reference to the specification? These are questions, for the decision of the jury.

[Cited in Whitney v. Emmett, Case No. 17,585; Reed v. Cutter, Id. 11,645; Hogg v. Emerson, 6 How. (47 U. S.) 484.]

4. After an agreement between an original inventor of a machine, and the inventor of an improvement upon the machine; that they would mutually use the same; the patent should have issued in the names of both inventors; and the plaintiff, by taking out a patent in his own name, committed a fraud, and is to be considered as a trustee for the defendant. Such conduct may not entitle the defendant to a nonsuit, but the jury may give the plaintiff no more than nominal damages.

[Cited in Smith v. Babcock, Case No. 13,009.]

5. What will be considered, as a license to use the invention, for which a patent has been obtained.

6. A plaintiff, in an action for a violation of a patent right, may recover damages against one of two defendants, although the evidence given, did not apply to both, for all torts are joint and several; and a plaintiff may recover damages against one defendant, although the other be acquitted. Aliter, in actions on contract.

[Cited in Boyd v. Watt, 27 Ohio St. 267.]

This was an action to recover damages for the invasion of the plaintiff's patent right to a machine for rounding iron. It appeared in evidence, that the defendant, Kanowrs, was a farmer, and had on his farm, a common tilt, or hammer and anvil, worked by water. The plaintiff, a German, and poor; informed Kanowrs, that he had invented a machine for rounding iron; but, from want of funds, had not been able to bring his theory to practice. He proposed to Kanowrs, to convert his common tilt into such a machine, and that he would work at it, for the benefit of

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Kanowrs, for a certain sum for each ton of such iron which he should make. Having disclosed his plan, which was to use hammers of different concaves; Kanowrs objected to that, and proposed, instead of different hammers, the use of swedges. After some disagreement, whose plan should be adopted, a compromise took place, by agreeing first to try the swedges, which was done, and found to answer so well, that they were never altered. The plaintiff, after working a year or two for Kanowrs at this tilt, in 1797, took a lease of it, (together with a part of the farm.) for three years: in which was a covenant, on the part of the plaintiff, to deliver back, at the end of the term, the tilt, with every thing belonging to it, in as good condition as he had received it. This was accordingly done; and the plaintiff, having thus acquired the means, he removed from Kanowrs'; and, in 1801, erected a tilt, precisely like the one he had left. The defendant, Kanowrs, then rented the old tilt to the other defendant. Graunt, who has continued to use it ever since. It was proved, that the plaintiff and Kanowrs were to be in partnership in the benefits of this discovery, and were to obtain a patent in their joint names. But the plaintiff took it out in his own name, in the year 1796; and it is not accounted for, how the defendant's name was omitted. One witness said, that he had, since the erection of this machine, seen imported bolts, which appeared to him to have been rounded with a similar machine.

The objections to the plaintiff's recovery were; that the machine used by defendant, was different in principle, from that mentioned in the plaintiff's specification: that there was sufficient evidence for the jury to say. the plaintiff was not the original inventor: but had brought it with him from Germany: that he could not, at any rate, recover: as there was a partnership agreement between the parties. sufficient to constitute the plaintiff a trustee for defendant, Kanowrs: that the lease from Kanowrs to plaintiff. was an acknowledgment of his right to the machine in question; the only one which it was pretended the defendants had used: and. lastly, that there being no evidence that Kanowrs had ever used the machine himself; this action, being joint against Kanowrs and Graunt, the plaintiff cannot recover, though he has proved it to have been used by Graunt. The demand of the plaintiff was, under the act of April 17, 1800 [2 Stat. 37]. for three times the value of the damages sustained.

Dallas & Sergeant, for plaintiff.

Mr. Ingersoll and Charles J. Ingersoll, for defendants.

WASHINGTON. Circuit Justice (charging jury). Your first inquiry is, whether the plaintiff was the original inventor of the machine mentioned in his patent and specification. One witness has stated, that he has seen imported bolts, since those made by the plaintiff, which seem to have been made with the same machine. Whether the invention is of European origin, and imported here by the plaintiff; or has, since the erection of his machine, been carried to Europe, is a question most proper for your determination. It is only necessary for me to state; that, if the invention was brought over, that is, if it appears that the plaintiff was not the original inventor, in reference to other parts of the world as well as America, he is not entitled to a patent. This point has been decided otherwise in England, in consequence of the expressions of the statute of Jac. I., which speaks. of new manufactures within the realm.

Your second inquiry is. have the defendants, or either of them, used a machine similar to the one mentioned in the plaintiff's patent and specification. The specification states the parts to be, a strong platform, of a given form, with two upright posts, for a hammer to move in, and to be operated by a cog-wheel, connected with the handle of the hammer; the force; water, or any thing else; corresponding concaves in the hammer and anvil. The machine used by the defendant, Graunt, is of that description; but in addition, swedges are used. The question is, is the defendant's improvement of swedges, an improvement on the principle, or the form, or proportions of the plaintiff's machine; if the first, he has as much right to use his improvement, as the plaintiff has to use his original invention. If otherwise, and the defendant has used the original invention, thus altered, it is a violation of the plaintiff's right.

The next inquiry is closely connected with the last. Does the specification contain the whole truth, relative to the discovery; and if not, has it been concealed with a view to deceive? As to the materiality of the thing concealed, could an artist. after plaintiff's right is expired, construct such a machine by looking at the specification? This also is a question for the jury.

I have hurried over these points, because it strikes the court,. that there remain to be considered, much more important objections to the plaintiff's right to recover. It is in proof, (if the witnesses are credited by the jury,) that the machine used by the defendant Graunt, was erected on Kanowrs' land, at his expense. That before it was done. Kanowrs. upon hearing the plan, suggested the improvement of swedges, which was adopted, and has since received the plaintiff's approbation. That the plaintiff frequently acknowledged the joint right of the defendant, to the invention, as partnership property; and that the patent was to be taken in their joint names. If the jury are satisfied of these facts, and that the defendant did not relinquish his right to a joint interest in the patent right, then the plaintiff was guilty of a fraud, in obtaining it in his own name; he is in equity a trustee for the de-

fendant; and though, possibly, at law, a verdict must be rendered for plaintiff, still, the jury may give merely nominal damages.

But there is another point still stronger. The law gives an action against any person who violates the right of the plaintiff, without his consent in writing. Now, this machine was erected on the defendant's land, by the plaintiff, and at the defendant Kanowrs' expense. After this, the plaintiff took a lease of it for three years; thereby acknowledging the right of the defendant. Kanowrs, to this particular machine, and covenants to deliver it up to him at the end of the term, with every thing belonging to it, in as good order as he received it. That is, to deliver up, not the hammer, and anvil in its original form; but the whole tilt, with the improvements made on it by the plaintiff. Now, this covenant acknowledges the right of Kanowrs to this identical machine, and necessarily the right to use it. If he has granted the tilt to the defendant, he has, in law, granted the use of it; and consequently he cannot now say, that the defendant has used it without his license in writing. If he has a right to the machine, and to the use of it, he has a right to work it himself, or by his servants, or to lease it out to any other person.

As to the last point made by the defendant's counsel; I am of opinion, that if the above points were in favour of the plaintiff, he might recover against Graunt, though no proof were given against Kanowrs. For all torts are joint, as well as several, and the plaintiff may recover a verdict against one, though the other defendant be acquitted: otherwise in contract.

Jury found for the defendant.

NOTE. If the contract of several, be joint, and either of the parties be sued, he may plead in abatement, that the others are not joined; nut he cannot take advantage of it at the trial; although it appear on the face of the declaration, that there are other parties to the contract. But. if one agree or bind himself to several, and one sue; the defendant may demur, upon oyer, of the contract; or in assumpsit, he may take advantage of it on the trial. 2 H. Bl. 696; 1 Saund. 154, note 291. If, in trespass against two, they both plead jointly; a several verdict cannot be given against all, if all be found guilty. But, if they sever in their pleas, several damages may be assessed. The jury may find them severally guilty as to part, and not guilty as to part; but may assess damages severally. 1 Esp. 419, 420; Bull. N. P. 93; 2 Strange, 1140; 5 Burrows, 2790. In all cases of trespass, the jury may find one defendant guilty, and the other not guilty. 1 Esp. 322. But in contracts, if the action is against several, and it cannot be supported against all, it wholly fails. See 3 East, 62; 2 Evans, Poth. 67. If one of the joint contractors be an infant, the other two may be sued; and if they plead in abatement, the plaintiff may reply the infancy of that one. But if he sue all, and one plead his infancy; judgment must be given against the plaintiff. Id. This is stated in a note, but the authority is not given.